UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
98 JAN 15 PM 3: 20
U.S. DISTRICT COURT
N.D. OF ALABAMA

William Thomas Johnson, )
    Plaintiff(s); )
     )
-vs.- ) No. CV-95-P-2897-S
     )
Provident Life and Accident Company, et )
al., )
    Defendant(s). )

ENTERED
JAN 1 6 1998

Opinion

Defendant's motion for summary judgment on Plaintiff's state law claims was considered at the court's motion docket on August 29, 1997. For the reasons stated below, Defendant's motion is due to be GRANTED.

Statement of Facts[1]

This action arises out of Defendant Provident Life and Accident Company's denial of Plaintiff William Thomas Johnson's claim of full disability under an insurance policy.

Johnson is the former president and 33% owner of Institutional Sales, Inc., a company that markets numerous food and other institutional products to distributors, who in turn market the products to institutions such as restaurants, hospitals, and nursing homes. In his capacity as president, sales representative, and buyer for Institutional Sales, Johnson was required to taste, feel, smell, touch and consume various products in order to be familiar with their properties.

Institutional Sales maintained an insurance plan for its employees. All premiums for this

---

    1. The recitation of "facts" is based upon the materials presented viewed in the light most favorable to the Plaintiff.

plan--which included policies of health, disability, and life insurance--were paid by Institutional Sales. The disability policy prepared for Johnson described his duties as "President, sales cons, buyer."

In September 1993, Johnson experienced a heart attack. As a result, in December 1993 Johnson filed a claim for full disability benefits under the Provident disability policy. Johnson informed Provident that dietary restrictions resulting from his diabetes and his recent heart attack prevented him from undertaking the significant amount of product sampling required in his job. After several months of investigation, Provident denied Johnson's claim, finding that Johnson was not disabled, as defined in the disability policy, because his medical condition did not prevent him from performing the substantial and material duties of his occupation.

Thereafter, Johnson filed this action in the Circuit Court of Jefferson County, Alabama. The action was then removed to this court on the basis of diversity of citizenship. Provident has moved for partial summary judgment, requesting that this court strike Johnson's state law claims and jury demand.

## Analysis

### I. ERISA Preemption

Provident has requested that the court find Johnson's claims based on the state law of Alabama preempted by the federal Employee Retirement Income Security Act of 1974 ("ERISA").

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). The statute includes a broad preemption provision, section 514(a), which provides that "the provisions of [ERISA] shall supersede any and all state laws insofar as they . . . relate to any

2

employee benefit plan . . . ." 29 U.S.C. § 1144(a). This preemption statute is "intended to ensure that plans and plan sponsors [are] subject to a uniform body of benefits law; the goal [is] to minimize the administrative and financial burdens of complying with conflicting directives among States or between States and the Federal Government." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990).

In the Eleventh Circuit, ERISA preempts state law claims whenever an employee benefit plan is implicated, regardless of the number of employees covered. "[A] 'plan, fund, or program' [exists] under ERISA . . . if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc). There can be an ERISA "plan" even if the benefit in question is conferred only on a single person. *Randol v. Mid-West Nat'l Life Ins. Co.*, 987 F.2d 1547, 1550 n.4 (11th Cir. 1993) (citing *Williams v. Wright*, 927 F.2d 1540, 1545 (11th Cir. 1991)), *cert. denied*, 510 U.S. 863 (1993). The *Randol* court affirmed the dismissal of state law claims as preempted by ERISA in a dispute involving an insurer's denial of health benefits to the wife of an employee, where the medical policy was obtained through the employer. *Id.* at 1548. Similarly, in *Garren v. John Hancock Mutual Life Insurance Co.*, the court affirmed dismissal of state law claims, finding that the insurer's refusal to pay medical benefits to the plaintiff employee's son was a dispute properly addressed under ERISA. 114 F.3d 186, 187 (11th Cir. 1997). "A party's state law claim "relates to" an ERISA benefit plan for purposes of ERISA preemption *whenever the alleged conduct at issue is intertwined with the refusal to pay benefits.*" *Id.*(emphasis added).

In the instant case, there is no dispute that Johnson's Provident health insurance policy was

3

one of the benefits provided to him in conjunction with his position as an employee of Institutional Products. Such benefits were provided to an easily ascertainable class of beneficiaries--employees of Institutional Products--such that the *Donovan* standard is met. Moreover, the primary purpose of Johnson's suit is to enforce his rights to disability benefits under the Provident policy; any alleged wrongful conduct by Provident is clearly "intertwined with" Provident's refusal to pay benefits to Johnson. The court therefore finds that ERISA preempts Johnson's state law claims, such that summary judgment is due to be granted in favor of Provident as to all state law claims.[2]

## II. Jury Demand

Having found that Johnson's state law claims against Provident are preempted by ERISA, the court also concludes that Provident's motion to strike Johnson's jury demand is due to be granted.

"For purposes of Seventh Amendment analysis, ERISA has been interpreted as an equitable statute," such that "no Seventh Amendment right to a jury trial exists in actions brought pursuant to ERISA." *Stewart v. KHD Deutz of Am. Corp.*, 75 F.3d 1522, 1527 (11th Cir.) (citing *Chilton v. Savannah Foods & Indus., Inc.*, 814 F.2d 620, 623 (11th Cir. 1987)), *cert. denied*, 117 S. Ct. 300 (1996); *see also Randol*, 987 F.2d at 1548; *Farlow v. Union Central Life Ins. Co.*, 874 F.2d 791, 796 (11th Cir. 1989).

Johnson's complaint requests payment of benefits due under his Provident disability policy. He demands not only those amounts accrued to date under the policy but also disability benefits

---

2. Assertion of an ERISA preemption defense suffices to establish federal question subject matter jurisdiction under 28 U.S.C. § 1331, thus permitting a state court defendant to remove to federal court pursuant to 28 U.S.C. § 1441. *Randol*, 987 F.2d at 1548 n.1 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)).

that will come due under the policy in the future. Such relief is equitable in nature and is not, therefore, subject to the right of trial by jury. Because Johnson's claims, if amended, will be decided under the framework of ERISA, no trial by jury will be allowed.[3]

Dated:  1-15-98

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Clifford M. Spencer
    Mr. William C. Wood

---

3. Plaintiff's reliance on *Ex parte Metropolitan Life Insurance Co.*, 679 So. 2d 686 (Ala. 1996)--for the proposition that an ERISA plaintiff is entitled to trial by jury--is misplaced. While the state courts of Alabama may have determined that such a jury right exists in the Alabama courts, this federal court is bound to follow the decisions of the Eleventh Circuit, including *Blake v. Unionmutual Stock Life Insurance Co. of Am.*, 906 F.2d 1525 (11th Cir. 1990), from which *Metropolitan Life* was a departure. *Blake* and the other Eleventh Circuit cases cited above establish conclusively that no such ERISA jury right exists in the federal courts of this circuit.